IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. DNCW3:07MC49 |
| | ) | (Financial Litigation Unit) |
| | ) | |
| KARLA A. TASSIAN-IYONMAHAN, DDS, | ) | |
|     Defendant, | ) | |
| and | ) | |
| | ) | |
| KENOSHA COMMUNITY HEALTH | ) | |
| CENTER, INC., | ) | |
|     Garnishee. | | |

**WRIT OF CONTINUING GARNISHMENT**

GREETINGS TO:    Kenosha Community Health Center, Inc.
                        Attention: Payroll
                        625 57th Street, Suite 700
                        Kenosha, Wisconsin 53140

An Application for a Writ of Garnishment against property of Karla A. Tassian-Iyonmahan, DDS, Defendant, has been filed with this Court (Docket No.7). A judgment has been entered against Defendant (Docket No. 1). The current total amount of $11,111.67, which includes the principal amount of $11,035.04, and interest at the rate of 4.97 percent and in the amount of $76.63 computed through June 9, 2015, plus $0.00 in costs, is due and owing.

You, as Garnishee, are **required by law to answer in writing**, under oath, within ten (10) days of service of this Writ, whether or not you have in your custody, control or possession, any property, or funds owned by Defendant, including non-exempt, disposable earnings.

You **must withhold and retain any property** in which Defendant has a substantial non-exempt interest and for which you are or may become indebted to Defendant pending further order

of the Court. This means that you should withhold twenty-five percent of Defendant's earnings which remain after all deductions required by law have been withheld and one hundred percent of all 1099 payments. See 15 U.S.C. § 1673(a).

Please state whether or not you anticipate paying Defendant any future payments and whether such payments are weekly, bi-weekly, monthly, annually or bi-annually.

You **must file the original written Answer** to this Writ within ten (10) days of your receipt of this Writ with the following office:

**Clerk of the United States District Court
401 West Trade Street
Charlotte, North Carolina 28202**

Additionally, you are **required by law to serve a copy of the Answer** upon Defendant at his/her last known address:

Karla A. Tassian-Iyonmahan, DDS
872 South Milwaukee Avenue #224
Libertyville, Illinois 60048

You are also **required to serve a copy of the Answer upon** Plaintiff at the following address:

Tiffany M. Mallory, Assistant United States Attorney
Financial Litigation Unit
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202

Under the law, there is property which may be exempt from this Writ of Garnishment. Property which is exempt and which is not subject to this order may be listed on the attached Claim for Exemption form.

Pursuant to 15 U.S.C. § 1674, you, Garnishee, are prohibited from discharging Defendant from employment by reason of the fact that his earnings have been subject to garnishment for any

one indebtedness.

Pursuant to 28 U.S.C. § 3205(c)(6), if you **fail to answer this Writ or withhold property or funds** in accordance with this Writ, the United States of America may petition the Court for an order requiring you to appear before the Court to answer the Writ and to withhold property before the appearance date. If you fail to appear, or do appear and fail to show good cause why you failed to comply with this Writ, the Court shall enter a judgment against you for the value of Defendant's non-exempt interest in such property. The Court may award a reasonable attorney's fee to the United States and against you if the Writ is not answered within the time specified. It is unlawful to pay or deliver to Defendant any item attached by this Writ.

Payments should be made payable to the United States Department of Justice, with a reference to Defendant's name and the Court number listed in the memo section of the payment. The payment should be mailed to the following address:

> U. S. Department of Justice
> Nationwide Central Intake Facility
> P. O. Box 790363
> St. Louis, Missouri 63179-0363

**SO ORDERED**.

Signed: June 18, 2015

_David C. Keesler_
David C. Keesler
United States Magistrate Judge

# CIVIL CLAIM FOR EXEMPTION FORM
# MAJOR CLAIMS FOR EXEMPTION UNDER FEDERAL LAW

You can claim Federal exemptions by checking items below, pursuant to 11 U.S.C. § 522(d), **_or_** you can claim exemptions under North Carolina State Law by using the attached NC State Form Motion to Claim Exempt Property.

___  Federal Exemptions.

___  1.  Social Security benefits and Supplemental Security (42 U.S.C. § 407).

___  2.  Veterans' benefits (38 U.S.C. § 5301).

___  2a. Members of armed services (10 U.S.C. § 1440).

___  3.  Federal civil service retirement benefits (5 U.S.C. § 8346 and 22 U.S.C. § 4060(c).

___  4.  Annuities to survivors of federal judges (28 U.S.C. § 376(n)

___  5.  Longshoremen and Harbor Worker's Compensation Act (33 U.S.C. § 916).

___  6.  Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

___  6a. Seaman's, master's, or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C.A. §§ 11108(a)-11109(a-c)).

Exemptions 1 through 6 above many not be applicable in child support and alimony cases (42 U.S.C. § 659).

___  6b. Railroad retirement, pension, unemployment benefits (45 U.S.C. §§ 231(m), 352(e).

___  7.  Bankruptcy Code (11 U.S.C. § 522(d) which generally provides exemptions for:

   (a)___ $22,975 of equity in your residence.

   (b)___ $3,675 of equity in a motor vehicle.

   (c)___ Jewelry worth up to $1,550.

   (d)___ Personal property worth up to $12,250.  (However, no single item worth more than $575 can be claimed as exempt.)

   (e)___ Property totaling up to $1,225 in value, plus up to $11,500 of any unused amount of the exemption provided in number 11(a) above.

(f)    $2,300 of equity in professional books, implements or tools, of your trade or your dependant's trade.

(g)    Any unmatured life insurance contract you own, other than credit life insurance.

(h)    The aggregate value, up to $12,250, of any accrued dividend or interest under, or loan value of, any unmatured life insurance contract you own, but only if you are the insured or you are a dependant of the insured.

(i)    Professionally prescribed health aids for you or your dependants.

(j)    Unemployment compensation benefits, local public assistance benefits, disability benefits, illness benefits; and alimony, support, and separate maintenance, to the extent these items are reasonably necessary for your support or the support of your dependants.

(k)    A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for your support or the support of your dependants, subject to the limitations set forth at Title 11 United States Code Section 522(d)(10)(E)(I)-(iii).

(l)    Your right to receive, or property that is traceable to,
- an award under a crime victim's reparation law;
- a payment on account of the wrongful death of an individual of whom you were a dependant, but only to the extent reasonably necessary for your support or the support of your dependants;
- a payment under a life insurance contract that insured an individual of whom you were a dependant on the date of the insured's death, but only to the extent reasonably necessary for your support or the support of your dependants;
- a payment, not to exceed $22,975, on account of personal bodily injury suffered by you or by an individual of whom you are a dependant; however, payment for pain and suffering or payment to compensate actual pecuniary loss are not exempt under this paragraph;
- a payment in compensation of loss of your future earnings or the future earnings of an individual of whom you are, or were, a dependant, but only to the extent reasonably necessary for your support or the support of your dependants.